SCHOTT, Judge.
In dispute is the amount of delinquent inheritance tax owed by the decedent’s estate from September 21, 1971, to August 21, 1973, a period of 23 months.
August Cristina died on March 21, 1971. The executor submitted to and obtained approval of the attorney for the state collector a statement of inheritance taxes due in the sum of $6,701.99. However, after disapproval of the Federal Estate Tax return because, according to the federal government, the inventory values were placed at less than market value, a dispute arose as to the amount of basic tax and interest owed to the state. The executor then brought a rule against the collector to determine the amount due. Judgment was rendered in favor of the collector assessing the amount of inheritance tax and interest in the sum of $12,191.20. The trial judge computed this amount by using a basic tax figure ($8,708.00) based on the revised increased inventory values and applied the interest provisions of the statute in effect on the date of death of the testator. The executor appeals.
The executor specifies error in the trial court’s using the revised inventory values resulting in a basic tax assessment of $8,708.00, and in failing to apply the reduced interest schedule provided for in the amendment to R.S. 47:2420.
Prior to the amendment, R.S. 47:2420 provided:
“Taxes hereby levied shall bear interest at the rate of one per centum (1%) per month, beginning six months after the death of the decedent, and two per cen-tum (2%) per month, beginning twelve months after the death of decedent;. . ."
The statute as amended by Act 513 of 1972 provides:
“A. Taxes hereby levied shall bear interest at the rate of one-half of one percent per month, beginning six months after the death of the decedent, and one percent per month, beginning twelve months after the death of the decedent;. . ."
The executor contends that the original figure of $6,701.99 should be the amount of the basic tax assessment; that the original schedule of interest set forth in the statute prior to the amendment should be applied as they accrued up to the date of the amendment; and that subsequent to that date the reduced amended schedule should be applied until the taxes and interest are paid, with a resulting total tax liability of $8,511.53 as of August 21, 1973.
The collector, on the other hand, contends that the revised basic tax figure of $8,708.00 should be used and that the original schedule of interest should be applied until payment, with a resulting total tax liability of $12,191.20.
It is clear from the record that the attorney for the state collector approved the basic tax of $6,701.99 prior to any objection by the federal government, but the tax was never paid in complete set *424 tlement of the amount due.[1] Had this amount been paid perhaps the state would be estopped from later assessing the tax based on the revised inventory figure. But here, where federal estate taxes were computed and paid based on the revised inventory figure, it cannot be said that the state inheritance tax must be based on the original inventory figure and not the higher revised figure used for federal estate taxes. Payment of the federal tax based on the revised figure is an acknowledgment by the executor of the correctness of the revised figure. Accordingly, we conclude that the basic tax owed is $8,708.00, and the interest must be computed based on this amount.
As to the second problem confronting us in the case, we also agree with the trial court’s application of the schedule of interest based on the statute in effect at the time of the death of the testator without regard to the amendment of that schedule since his death and since the taxes became due. If the extra amounts to be added to the base figure constitute “interest” in the true sense, then the amendment had no effect under the rationale of Parish of East Baton Rouge v. Harrison, 260 So. 2d 106 (La.App. 1st Cir. 1972) and Womack v. Travelers Ins. Co., 258 So.2d 562 (La.App. 1st Cir. 1972) and the cases cited therein in which it was held that the amendment of LSA-C.C. Art. 1938, so as to increase legal interest from 5% to 7%, would not be given retroactive effect since the legislature did not so provide. But the question narrows down to whether the' extra amount owed by the executor is interest or is instead a penalty for nonpayment of the tax which is due. The executor’s position is that for each day or month in which the tax is not paid another violation of the statute occurs subjecting the executor to the penalty for nonpayment, and consequently the amendment to the statute changing the penalty should apply for the time starting from the effective date of the statute.
At 85 C.J.S. Taxation § 1207, p. 1097 the following is said:
“Unpaid inheritance tax does not carry interest by implication of law as in the case of a debt, but under statute interest may be added where there has been a default in the payment of the tax. Such interest is regarded by some courts as a penalty, but other courts distinguish it from a penalty, and some class it as compensation. Where the rate provided for does not exceed the normal rate of interest fixed by law, it has been considered as indicating an interest charge rather than a penalty.”
At 36 Am.Jur.2d Forfeitures and Penalties, § 6, the following is said:
“According to the usually accepted definition, interest is the compensation allowed by law affixed by the parties for the use or forbearance of money. A penalty is distinguishable from a charge of interest, inasmuch as a penalty is a means of punishment, whereas interest is a means of compensation. The fact that a statutory exaction for failure to comply with some payment required by a statute is denominated ‘interest’ by the statute imposing it, while not conclusive, is a probative force in determining whether such exaction is in reality interest and not a penalty, particularly where the rate named is below the permissible rate.”
While these authorities make it clear that the question is close they recognize that one criterion for a determination is that the word used in the statute denominating the additional amount as interest has probative value. In the instant case, the statute specifies the extra money as in *425 terest and the word penalty is nowhere used therein. The quoted authorities also make the distinction that a penalty is regarded as a means of punishment for a delinquent debtor while interest does not carry the connotation of a violation of the law. We do not visualize the act of an executor, administrator or heirs of a decedent in failing to pay inheritance tax on time as an act for which they • should be punished. Significantly, the inheritance tax law does not contain any specific penalty provisions as such. In contrast the Louisiana State Income Tax law contains a section which provides an additional 6% per annum which is added to the amount of tax if not paid on time, LSA-R.S. 47:118, and another section which imposes criminal penalties on the taxpayer who willfully violates the income tax law, LSA-R.S. 47:119. Also, by comparison the United States Internal Revenue Code provides for interest by operation of law at 6% from the date of a delinquency regardless of the circumstances contributing to the late payment and for separate civil penalties for a failure to obey the tax law without reasonable cause or through negligence, intentional disregard of the laws, willful failure or fraud. Interest cannot be waived by the collector of internal revenue, but penalties are subject to waiver.
We have therefore concluded that the extra charges imposed on the executor and classified as interest under the statute are interest charges in the true sense of the word and accordingly must be computed under the schedule contained in the original statute prior to the amendment from the time they became due until payment.
The judgment appealed from is af firmed.
Affirmed.

. There is a subsequent order to pay the amount without prejudice to the state to assert its right to the greater amount.